## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| RAINY M. GIBSON, | : |
| | : Civil Action No. 09-6356 (SDW) |
| Plaintiff, | : |
| | : |
| v. | : **OPINION** |
| | : |
| ANTONIO INACIO, YVONNE RUDE, BRIAN T. MAHONEY, BRADLEY BELFORD, SUZANNE BUTLER, BRIAN CHENEY, URBANO-ALVAREZ DIAZ, DAVID SMITH, SCOTCH PLAINS MUNICIPAL COURT, SCOTCH PLAINS POLICE DEPARTMENT, CITY OF RAHWAY, SEVELLS AUTO BODY INC., UNION COUNTY JAIL, STATE OF NEW JERSEY MOTOR VEHICLES COMMISSION, | : October 5, 2010 |
| Defendants. | : |

**WIGENTON**, District Judge.

Before the Court are two separate Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a Motion to Strike, and a Motion for Leave to Amend the Complaint. Defendants City of Rahway ("Rahway") and Union County Jail ("Union County") move to dismiss Plaintiff Rainy Gibson's ("Gibson" or "Plaintiff") claims on all counts against them. Plaintiff, on the other hand, has filed a Motion to Strike Defendant Rahway's Motion to Dismiss and a Motion for Leave to File an Amended Pleading. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367(a). Venue is proper pursuant to 28 U.S.C. §1391(b)(1) and (2). The Motions are decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below this Court grants Rahway and Union County's Motions to Dismiss,

1

dismisses Plaintiff's Motion to Strike and denies Plaintiff's Motion for Leave to File an Amended Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that on March 4, 2008, an employee of Defendant Rahway issued a traffic ticket to her vehicle while she was parked on a private property. (First Compl.[1] ¶ 33.)[2] Thereafter, on June 26, 2008, Plaintiff maintains that Rahway issued an electronic warrant for her arrest.[3] (Id. at ¶ 34.) Plaintiff asserts that on August 4, 2008, she received a letter from Defendant New Jersey Motor Vehicles Commission ("DMV") advising her that her driver's license was scheduled to be suspended on October 3, 2008. (Id. at ¶ 35.) On August 23, 2008, Plaintiff alleges that she contacted Rahway to inform it that the warrant had been issued in error; however, Rahway failed to respond. (Id. at ¶¶ 36-37.) Notwithstanding, on September 19, 2008, the warrant was "recalled" after Plaintiff went to the Rahway Municipal Court. (Id. at ¶ 38.)

On November 6, 2008, Plaintiff alleges that a Scotch Plains police officer stopped her while she was traveling on Route 22 East and issued three traffic tickets, one of which was for driving with a suspended license. (Id. at ¶41.) Additionally, Plaintiff asserts that the Scotch Plains Police Department mailed another summons to her residence on November 10, 2008, for "unlawfully operat[ing]" a vehicle. (Id. at ¶42, Pl.'s Aff. Ex. F.) On November 24, 2008, the Rahway Municipal Court dismissed the ticket that Rahway had issued to Plaintiff and declared that her license could "be restored." (Pl.'s Aff. Ex. G.) However, according to Plaintiff, Rahway

---

[1] Although Plaintiff filed an amended complaint, Plaintiff did not file that complaint on ECF. There is a document labeled "amended complaint" but it is a document showing proof of service.
[2] Plaintiff makes references in her complaint to exhibits attached to same. However, there are no exhibits attached to Plaintiff's complaint.
[3] According to Gibson, Marylene Sheppard ("Sheppard"), a court administrator for Rahway, is the individual who issued the warrant for her arrest. (Pl.'s Aff. ¶ 5.) However, Plaintiff did not name Sheppard as a Defendant in the original complaint. Plaintiff seeks to rectify her omission by moving for leave to amend the complaint to name Sheppard and an "unknown judge" as Defendants. That is one of the motions presently before this Court.

failed to notify the DMV or the Scotch Plains Police Department that her license had been restored. (First Compl. ¶ 44.) Nonetheless, on November 26, 2008, the DMV restored Plaintiff's license after she made a payment of $100. (Pl.'s Aff. Ex. H.)

Although the DMV restored Plaintiff's license, she alleges that the tickets the Scotch Plains police officers issued her on November 6, 2008, had not been dismissed because Rahway had failed to communicate their dismissal to the Scotch Plains Police Department. (First Compl. ¶ 48.) After refusing to enter into a plea regarding the tickets issued by the Scotch Plains officers on December 3, 2008, a warrant was issued for Plaintiff's arrest. (Id. at ¶¶49-53.) Consequently, on December 18, 2008, Scotch Plains police officers stopped Plaintiff while she was on her way to work. (Id. at ¶¶ 57-58.) Thereafter, Plaintiff was arrested for failure to provide her driver's license, registration and insurance card to the police officers; failure to unlock the door to her vehicle when the police officers sought to search her car; and failure to answer questions during the "booking process." (First Compl. ¶ 70.1.) Plaintiff was presented to the Scotch Plains Municipal Court and bail was set for $4,000. (First Compl. ¶ 74; Pl.'s Aff. ¶¶ 38, 40.)

After Plaintiff refused to pay the bail, she was transported to Union County. (Pl.'s Aff. ¶ 40.) Upon Plaintiff's arrival at Union County, she alleges that she was "subjected" to "a strip-search, handcuff's [sic], booking, forced fingerprinting, photographing, [and] injected with an unknown vaccine." (Id. at ¶ 44.) Plaintiff asserts that she remained in Union County until 11:30 p.m. when she paid the bail. (Id. at ¶ 45.)

On December 17, 2009, Plaintiff filed her complaint seeking damages, injunctive and declaratory relief for (1) violation of 42 U.S.C. §§ 1983 and 1985, (2) malicious prosecution, (3) malicious abuse of process, (4) conspiracy, (5) intentional infliction of emotional distress, (6)

3

false imprisonment, (7) fraud, (8) defamation of character, (9) assault and battery, and (10) violation of 18 U.S.C. § 1961 ("RICO").

## MOTION TO DISMISS STANDARD

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief."  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief.").  In considering a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  Phillips, 515 F.3d at 231 (quoting Pinker v. Roche Holding Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp., 550 U.S. at 555).  As the Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability

4

>     requirement," but it asks for more than a sheer possibility that a
>     defendant has acted unlawfully. Where a complaint pleads facts
>     that are "merely consistent with" a defendant's liability, it "stops
>     short of the line between possibility and plausibility of 'entitlement
>     to relief.'"

Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 556–57) (internal citations omitted). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. 1937 at 1950. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). Id. at 1950.

## **DISCUSSION**

Rahway moves to dismiss Plaintiff's claims for (1) violation of 42 U.S.C. §§ 1983 and 1985, (2) malicious prosecution, (3) malicious abuse of process, (4) conspiracy, (5) intentional infliction of emotional distress, (6) fraud, and (7) defamation of character. Rahway argues that even if Plaintiff's factual allegations are accepted as true, its motion should be granted because Plaintiff's claims cannot succeed as a matter of law because it did not violate Plaintiff's constitutional rights and its employees are entitled to qualified immunity.

Similarly, Union County which has also moved to dismiss Plaintiff's claims for (1) violation of 42 U.S.C. §§1983 and 1985, (2) malicious prosecution, (3) malicious abuse of process, (4) conspiracy, (5) intentional infliction of emotional distress, (6) false imprisonment, (7) fraud, (8) assault and battery, and (9) RICO, maintains that its motion should be granted because Plaintiff's factual assertions do not support a cognizable legal claim. Union County also argues that Plaintiff's cause of action should be dismissed because she failed to comply with the

provisions of the New Jersey Torts Claims Act ("TCA"), N.J. Stat. Ann. § 59:1-1 et seq. (West 2010).

However, Plaintiff maintains that Defendants' motions should be denied and alternatively she should be given leave to file a second amended complaint which would name Sheppard and an "unknown judge."

## I. Defendant Rahway's Motion to Dismiss

### A. Section 1983 Claims

#### i. Deliberate Indifference

Section 1983 creates a federal remedy for individuals who have been deprived by state officials of their constitutional rights and privileges. See generally Gonzaga Univ. v. Doe, 536 U.S. 273 (2002). The statute provides in relevant part that "[e]very person, who under color of any statute, ordinance, regulation . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. Section 1983 does not "[b]y itself . . . create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law." Morse v. Lower Merion School Dist., 132 F.3d 902, 906-07 (3d Cir. 1997) (citing Baker v. McCollan, 443 U.S. 137, 144 n.3, (1979)). To prove a public entity's liability under § 1983, the Plaintiff has to show that the alleged injury is the result of the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy . . . ." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). There are three situations in which a public entity may be liable under § 1983:

> (1) where the alleged injury results from a public employee simply implementing a generally applicable statement of policy of the entity; (2) absent a generally stated policy, where the policymaker itself acts in violation of a federal law; and (3) where the policymaker acts with deliberate indifference by failing to create new policies addressing the inadequacy of an existing practice likely to result in constitutional violations.

Damiani v. West Deptford Twp., No. 07-2884 (JEI), 2008 U.S. Dist. LEXIS 17581, at *14 (D.N.J. Mar. 7, 2008) (citing Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003)).

Rahway argues that its Motion to Dismiss should be granted because Plaintiff has failed to show that the issuance of the traffic ticket was through Rahway's "deliberate indifference." This Court agrees. In City of Canton v. Harris, 489 U.S. 378, 390 (1989), the Court stated that there is "deliberate indifference" when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." Plaintiff's claims against Rahway stem from the inadvertent issuance of a traffic ticket. However, under the facts Plaintiff has alleged, there is no evidence indicating that "the need for more or different training [wa]s [] obvious." Id. Similarly, the facts do not suggest that Rahway's policy is inadequate or that the inadequacy was sufficient "to result in the violation of [a] constitutional right[]." Id. Furthermore, there is no constitutional right to be free of erroneous issued traffic tickets. See Vasquez v. City of Hamtramck, 757 F.2d 771, 773 (6th Cir. 1985) (stating that a mistakenly issued traffic ticket, though inconvenient, is not actionable under § 1983 because it does not implicate a constitutional right); Lange v. City of Grand Junction, No. 08-02049, 2009 U.S. Dist. LEXIS 35261, at *12 (D. Colo. Apr. 10, 2009); Brown v. Parking Auth. of Jersey

City, No. A-2588-08T3 (App. Div. Jan. 13, 2010). Thus, Plaintiff's claim is not actionable under § 1983 as it does not implicate a constitutional or statutory right.

Plaintiff also alleges that Rahway and the other Defendants retaliated against her for petitioning. (First Compl. ¶¶ 110-112.) However, the complaint provides no factual basis to show that Rahway retaliated against Plaintiff. The other Defendants in this suit are not Rahway's agents; therefore, their actions cannot be imputed to Rahway. Other than the mistakenly issued ticket, neither Rahway nor its employees played a part in the events leading up to Plaintiff's subsequent incarceration at Union County.

### ii. Qualified Immunity

Rahway also argues its employees are entitled to qualified immunity even if Plaintiff has adequately alleged a § 1983 violation. "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" Saucier v. Katz, 533 U.S. 194, 200 (2001) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). Government officials are entitled to qualified immunity under § 1983 in the performance of their discretionary duties if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1992). Thus, the determination of whether an officer is entitled to qualified immunity involves a two-prong test:[4] (1) the Court has to determine if the officer violated a "clearly established" constitutional right; and (2) whether a reasonable officer would have known that his/her actions deprived the Plaintiff of that "clearly established" right. Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 192 (3d Cir. 2005); see also Saucier, 533 U.S. at 201. "A right is clearly established for the purposes of qualified

---

[4] Recently, in Pearson v. Callahan, 129 S.Ct. 808, 818 (2009), the Supreme Court acknowledged the shortcomings of applying the two-prong test in a rigid sequential manner and left it to the "sound discretion" of Courts to determine "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."

immunity when its contours are sufficiently clear that a reasonable official would understand that what he[/she] is doing violates that right." Hubbard v. Taylor, 538 F.3d 229, 236 (3d Cir. 2008) (quoting Williams v. Bitner, 455 F.3d 186, 191 (3d Cir. 2006) (internal quotations omitted). Here, because there was no "clearly established" constitutional right to be free of traffic tickets issued in error at the time the events that gave rise to this suit occurred, the first prong of the test has not been met.  As a result, Rahway's employees are entitled to qualified immunity.

### iii. Immunity under N.J. Stat. Ann. §59:3-3

Additionally, Rahway's employees are immune from liability for the erroneous issuance of a traffic ticket because "[a] public employee is not liable if he[/she] acts in good faith in the execution or enforcement of any law." N.J. Stat. Ann. §59:3-3 (West 2010). Plaintiff's complaint is devoid of any facts showing that the officers who issued the ticket did so in bad faith. Furthermore, both public employees and public entities are immune from liability for injuries caused by the suspension of a license.  N.J. Stat. Ann. §§ 59:2-5 and 59:3-6 (West 2010).  As the 1972 Task Force Comment noted "[t]his immunity is necessitated by the almost unlimited exposure to which public entities would otherwise be subjected to if they were liable for the numerous occasions on which they issue, deny, [or] suspend . . . licenses." See also Malloy v. State, 76 N.J. 515, 521 (1978) (stating "[t]he purpose of the immunity is to protect the licensing function and permit it to operate free from possible harassment and the threat of tort liability."). Consequently, both Rahway and its employees are immune from liability and Plaintiff has failed to state a cause of action under § 1983.

### B. Section 1985 Conspiracy

Similarly, Plaintiff has failed to state a cause of action for conspiracy under 42 U.S.C. § 1985(3) which provides in relevant part:

9

> [i]f two or more persons . . . conspire . . . on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

To allege a claim under § 1985(3), the Plaintiff needs to show:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.

Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006) (quoting United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-29 (1983)); see also Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993)).  Additionally, the Plaintiff must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions."  Farber, 440 F.3d at 135 (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (internal quotations omitted).  Here, the facts fail to show that Rahway conspired with the other Defendants or that its actions were racially or class based.  The traffic ticket was issued mistakenly and its issuance was not based on Plaintiff's race, gender, religion, or other suspect classification.  Moreover, as stated earlier, there is no constitutional right to be free of tickets issued in error; hence, she has not been denied a constitutional right or privilege.  Thus, Plaintiff has failed to state a claim under § 1985(3).

### C. **Malicious Prosecution**

To prevail on a malicious prosecution claim under New Jersey law, the "plaintiff must prove (1) that the criminal action was instituted by the Defendant against the

plaintiff, (2) that it was actuated by malice, (3) that there was an absence of probable cause for the proceeding, and (4) that it was terminated favorably to the plaintiff." Brunson v. Affinity Fed. Credit Union, 199 N.J. 381, 393-94 (2009) (quoting Helmy v. City of Jersey City, 178 N.J. 183, 190 (2003) (internal quotations omitted). The plaintiff has the burden of proving each element and "the cause must fail" if he/she is unable to prove any one of the elements. Lind v. Schmid, 67 N.J. 255, 262 (1975). Here, Plaintiff cannot prove the first element because Rahway did not institute a criminal action against her. Rahway's only role in this case is the issuance of a traffic ticket and that ticket was subsequently dismissed. Furthermore, there are no facts indicating that Rahway issued Plaintiff the ticket out of malice. Therefore, Plaintiff's claim fails as a matter of law.

Furthermore, Plaintiff's complaint should also be dismissed because she failed to comply with the provisions of the TCA. In Counts 4, 5, 7, 11 and 12[5] of Plaintiff's complaint she alleges malicious prosecution, malicious abuse of process, intentional infliction of emotional distress, fraud and defamation of character against Rahway. (See First Compl.) Therefore, although Plaintiff's complaint does not mention the TCA, the claims enumerated above are within the purview of the TCA because that is the only basis on which tortious liability may be assessed against a public entity in New Jersey. See N.J. Stat. Ann. §59:1-1 (West 2010). Consequently, Plaintiff was obligated to comply with the requirements of the TCA as Rahway is a public entity. See N.J. Stat. Ann. §59:1-3 (West 2010) (defining "public entity" as "the State, and any county, municipality, district, public authority, public agency, and any other political subdivision or public body in the State.").

N.J. Stat. Ann. §59:8-8 (West 2010) provides that

---

[5] The other reasons supporting the dismissal of these counts will be discussed below.

> A claim relating to a cause of action for death or for injury or damage to person or to property shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action. After the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law.

Failure to file a notice of claim with the public entity within ninety days after the accrual of the action bars the claimant from recovering against the public entity. N.J. Stat. Ann. §59:8-8(a). In this case, there is no indication that Plaintiff filed the requisite notice of claim with Rahway and Plaintiff has failed to show that she has filed a notice of late claim, N.J. Stat. Ann. §59:8-9 (West 2010), or attempted to do so. Accordingly, Plaintiff is barred from recovering against Rahway.

### D. Malicious Abuse of Process

The elements for malicious abuse of process are: "(1) the defendant made an improper, illegal and perverted use of the legal procedure. That is to say, his resort to the legal process was neither warranted nor authorized by law; [a]nd (2) [] the defendant had an ulterior motive in initiating the legal process." Simone v. Golden Nugget Hotel & Casino, 844 F.2d 1031, 1036-37 (3d Cir. 1988). In this case the issuance of the ticket can hardly be classified as "improper" or "illegal" use of the legal process and the facts fail to show that Rahway had an "ulterior motive" in issuing the ticket. Consequently, Plaintiff has failed to state a claim.

### E. Conspiracy

The elements for conspiracy are "an agreement, either explicit or implicit, to commit an unlawful act, combined with intent to commit an unlawful act, combined with intent to commit the underlying offense." United States v. Brodie, 403 F.3d 123, 134 (3d Cir. 2005). Thus one of the essential elements which have to be established is that the "alleged conspirators share a 'unity of purpose,' the intent to achieve a common goal,

12

and an agreement to work together toward that goal." United States v. Cartwright, 359 F.3d 281, 286 (3d Cir. 2004) (quoting United States v. Wexler, 838 F.2d 88, 90-91 (3d Cir. 1988)). Here, the complaint is devoid of any facts showing that Rahway and the other Defendants entered into an agreement "to commit an unlawful act." Brodie, 403 F.3d at 134. The Defendants are not agents of each other and did not act in concert. Each of their actions were done separately and in their respective capacities. Therefore, Plaintiff's claim fails as a matter of law.

### F. Intentional Infliction of Emotional Distress

To prevail in an action for intentional infliction of emotional distress "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe." Chuy v. Philadelphia Eagles Football Club, 595 F.2d 1265, 1273 (3d Cir. 1979). Conduct is outrageous when it is "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Buckley v. Trenton Sav. Fund Soc'y, 111 N.J. 355, 366 (1988). The inadvertent issuance of a traffic ticket can hardly be said to "go beyond all possible bounds of decency." Id. Consequently, Plaintiff has failed to meet the first element and her claim must be dismissed.

### G. Fraud

The elements for establishing common law fraud are: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Banco v. Popular N.

13

Am. v. Gandi, 184 N.J. 161, 173-74 (2005) (quoting Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997)). Furthermore, a claim for fraud must meet the requirements of Fed R. Civ. P. 9(b), which imposes a heightened pleading requirement with respect to allegations of fraud, over and above that required by Rule 8(a). Rule 9(b) states "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Plaintiffs may satisfy this requirement by pleading the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004) (quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)). "Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation." Id.

Plaintiff cannot maintain a claim of fraud against Rahway because she fails to plead knowledge of falsity or scienter at the time Rahway issued the ticket. There are no facts in the complaint indicating that Rahway knew it had issued the ticket in error. As further evidence of Rahway's lack of knowledge, it dismissed the ticket after it became clear that the ticket was issued by mistake. (First Compl. ¶ 38.) Without specific allegations that Rahway knew it had no basis to issue the ticket, Plaintiff's fraud claim must fail.

### H.  Defamation of Character

To establish a claim for defamation of character under New Jersey law, Plaintiff must show that Defendant "(1) made a defamatory statement of fact (2) concerning the Plaintiff (3) which was false, and (4) which was communicated to a person or persons

other than the plaintiff." Singer v. Beach Trading Co., 379 N.J. Super. 63, 79 (App. Div. 2005). A statement is defamatory if it "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Ward v. Zelikovsky, 136 N.J. 516, 529 (1994). A traffic ticket is not a defamatory statement as it does not harm a person's reputation. Thus, here, Plaintiff cannot maintain a claim for defamation against Rahway.

## II.   Defendant Union County's Motion to Dismiss

### A.  Section 1983

Union County argues that Plaintiff has failed to state a claim upon which relief can be granted and thus, her complaint should be dismissed. This Court agrees. Plaintiff's claims against Union County are based on §§ 1983 and 1985, malicious prosecution, malicious abuse of process, conspiracy, intentional infliction of emotional distress, false imprisonment, assault and battery and RICO. (See First Compl.) The standards for showing a cognizable claim under §§ 1983 and 1985 and qualified immunity have been articulated in Part I of this opinion, supra. Plaintiff's claims are based on the fact that she was held in Union County, pursuant to a valid warrant, after refusing to pay her bail. (Pl.'s Aff. ¶ 42.) However, Plaintiff's brief incarceration at Union County does not give rise to a claim under §§ 1983 or 1985.

N.J. Stat. Ann. § 30:8-1 (West 2010) provides that "[s]heriffs and jailers shall receive from constables or other officers all persons apprehended by such constables or officers for offenses against this state. A sheriff or jailer refusing to receive any such offenders shall be guilty of a misdemeanor and on conviction shall be fined at the discretion of the court." Hence, Union County's actions did not violate Plaintiff's constitutional right as it acted pursuant to a valid warrant. Consequently, Union County and its employees are entitled to qualified immunity

15

because they were performing their statutorily mandated duties. Similarly, Plaintiff has failed to state a claim for violation of § 1985 because she has not shown that Union County acted in concert with the other Defendants or that its actions were based on her race or other suspect classification. Farber, 440 F.3d at 135.

### B. Tort Claims Against Union

In addition, Plaintiff's other claims against Union County are barred because she failed to comply with the notice requirement of the TCA. Plaintiff's claims against Union include false imprisonment, intentional infliction of emotional distress, and assault and battery. All these claims come within the purview of the TCA, even though Plaintiff does not specifically allege this in her complaint, because Union County is a public entity. N.J. Stat. Ann. §59:1-3. As a result, Plaintiff was required to file a notice of claim with Union County within ninety-days of the accrual of this cause of action. N.J. Stat. Ann. § 59:8-8. Plaintiff did not file a notice of claim with Union County; therefore, she is barred from bringing this suit.

### III. Plaintiff's Motion for Leave to Amend the Complaint

Plaintiff asserts that she should be given leave to amend her complaint to include Sheppard and an "unknown judge" because the filing of an amended complaint will not prejudice Rahway. Although a motion for leave to amend a complaint should be liberally granted, Foman v. Davis, 371 U.S. 178, 182 (1962), the motion should be denied if the amendment will not cure the deficiency, the amendment will be futile, or would be inequitable to the opposing party. Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002); see also Jordan v. Fox, Rothchild, O'Brien & Frankel, 20 F.3d 1250, 1278 (3d Cir. 1994) (holding that leave to amend complaint should be liberally granted if the amendment would not be futile); Foman, 371 U.S. at 182. "'Futility' means that the complaint, as amended, would fail to state a claim upon which

relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (quoting Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)). The Court must apply the same standard as a motion to dismiss in determining whether a proposed amendment would be futile. Medpointe Healthcare v. Hi-Tech Pharmacal Co., Inc., 380 F. Supp. 2d 457, 462 (D.N.J. 2005). Therefore, the Court must accept all of the moving party's factual allegations as true "as well as the reasonable inferences that can be drawn from them." Brown v. Phillip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001). Rahway argues that Plaintiff's motion should be denied. This Court agrees.

Plaintiff seeks to amend her complaint to name two Rahway employees, Sheppard and an "unknown judge" as Defendants. However, in light of the discussion in Part I of this opinion, supra, Rahway's employees are entitled to qualified immunity as they were performing their discretionary duties and there is no "clearly established" right to be free of inadvertently issued tickets. Therefore, even if Plaintiff is given leave to amend her complaint, the amendment will be futile as Plaintiff will still have no cognizable cause of action against Sheppard, the "unknown judge," or any other Rahway employee. Consequently, Plaintiff's Motion for Leave to File an Amended Complaint is denied.

### IV. Plaintiff's Motion to Strike Defendant Rahway's Motion to Dismiss

In light of the Court's decision to grant Rahway's Motion to Dismiss, Plaintiff's Motion to Strike is denied as moot.

### **CONCLUSION**

For the reasons stated above, Defendants' Motions to Dismiss the Complaint are GRANTED.  Plaintiff's Motion to Strike Rahway's Motion to Dismiss is DENIED.  Similarly, Plaintiff's Motion for Leave to File an Amended Complaint is DENIED.

**SO ORDERED.**

s/ Susan D. Wigenton<br>**Susan D. Wigenton, U.S.D.J.**

cc:  Madeline Cox Arleo, U.S.M.J.